**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Santos GARCIA–MENDOZA, Defendant–Appellant.**

**No. 10–10087.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 14, 2010.*

Filed Jan. 5, 2011.

Patricia Spaletta, Esquire, Special Assistant U.S., Barbara Valliere, Assistant U.S., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Elizabeth Meyer Falk, Assistant Federal Public Defender, Federal Public Defender's Office, San Francisco, CA, for Defendant–Appellant.

Before: GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Santos Garcia–Mendoza appeals from the 28–month sentence imposed following

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

his guilty-plea conviction for illegal re-entry following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Garcia–Mendoza contends that the district court procedurally erred by imposing a sentence without properly considering his arguments with respect to the application of the 16–level enhancement at U.S.S.G. § 2L1.2(b)(1)(A) based upon his prior conviction for a crime of violence. The record reflects that the district court listened to and considered Garcia–Mendoza's arguments in this regard, but found the circumstances insufficient to warrant a sentence lower than the one imposed. *See United States v. Carty*, 520 F.3d 984, 995–96 (9th Cir.2008) (en banc); *see also United States v. Ruiz–Chairez*, 493 F.3d 1089, 1091 (9th Cir.2007).

Garcia–Mendoza also contends that the sentence imposed is substantively unreasonable in light of the significant mitigating factors surrounding his prior conviction and personal circumstances. Under the totality of the circumstances, the below-Guidelines sentence is substantively reasonable. *See Carty*, 520 F.3d at 991–93; *Gall v. United States*, 552 U.S. 38, 51–52, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**